UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT PAUL TAYLOR** | **CIV. ACTION NO. 3:22-05210 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RICKY JONES, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for default judgment [doc. # 45] filed by Plaintiff pro se Robert Taylor. The motion is opposed. For reasons explained below, it is recommended that the motion be DENIED, at this time.

### Background

On or about August 31, 2022, Plaintiff pro se Robert Paul Taylor (hereinafter, "Taylor"), who, during the relevant period, was incarcerated at Bayou Correctional Center ("BCC") and Tensas Parish Detention Center ("TPDC"), filed the instant, *in forma pauperis* complaint to vindicate his civil rights under 42 U.S.C. § 1983. *See* Amend. Compl. & 2nd Amend. Compl [doc. #s 12, 14]. He named various Defendants, including, Roosevelt England (sued as, "Robert England" or "R. England") (hereinafter, "England") and Marzavian Washington (sued as, "Corporal Washington") (hereinafter, "Washington"). *Id*.

On April 5, 2023, the undersigned conducted an initial review of Taylor's "operative" pleadings and recommended dismissal of various claims and parties, but recommended that the court retain the following claims:

> (1) that Dr. Janna Carpenter Chauvin canceled Plaintiff's prescribed or recommended medications in "early July 2020" and later at TPDC;
>
> (2) (i) that Warden Pat W. Smith, Dr. Chauvin, Nurse Frazier, and Nurse Harvey

 canceled Plaintiff's "scrotal scopic work-up" scheduled for August 31, 2021, and (ii) that Smith, Frazier, Harvey, and Warden Bass refused to transport him to University Health Shreveport on August 31, 2021, delaying his appointment until November 31, [sic] 2021;

 (3) that on November 14, 2021, Defendants England and Washington failed to protect Plaintiff from other attacking inmates, utilized excessive force, failed to provide constitutionally adequate medical care, and failed to provide decontamination measures after spraying him with mace;

 (4) that Warden Smith, Warden Bass, and Sheriff Jones, in their individual capacities, failed to protect Plaintiff from England and Washington's uses of force on November 31, [sic] 2021;

 (5) that England and Washington committed tortious acts under state law, including battery, excessive force, and failure to protect;

 (6) that Sheriff Jones is vicariously liable for Washington and England's alleged tortious conduct under state law; and

 (7) Plaintiff's direct action against the unidentified insurance company.

(Report and Recommendation ("R&R") [doc. # 16]). On April 20, 2023, the District Court adopted the R&R and entered a corresponding judgment. (Judgment [doc. # 17]).

 Meanwhile, on April 5, 2023, the undersigned ordered service upon the remaining Defendants. *See* Service Order [doc. # 15]. On June 30, 2023, the U.S. Marshals Service ("USMS") perfected service on several Defendants. *See* Returns of Service [doc. # 19]. On July 21, 2023, Defendants, Sheriff Rickey Jones (hereinafter, "Sheriff Jones"), Pat W. Smith, Nolan Bass, and Nurse Harvey filed their responsive pleading in the matter. (Answer [doc. # 21]). Defendant, Nurse Frazier, who was not served until later, filed a responsive pleading on February 29, 2024. (Answer [doc. # 54]).[1]

---

[1] In light of Nurse Frazier's recent appearance in the case, the court issued a superseding scheduling order on March 5, 2024, that harmonized deadlines in the case to include a July 3, 2024 deadline for the completion of discovery and an August 7, 2024 deadline for the parties to file either a motion for summary judgment or a statement of issues. (Sched. Order [doc. # 55]).

2

Because Defendants, England and Washington, no longer work at the BCC, the court took additional steps to obtain valid addresses to secure proper service upon them. *See* doc. #s 20, 27-30. Thereafter, the USMS successfully served England and Washington on September 12, 2023. *See* Returns of Service [doc. # 32].

Despite proper service, Defendants, England and Washington, failed to appear in the matter. Accordingly, after prompting by the court, Taylor applied for and obtained entries of default against England and Washington on December 14, 2023. *See* doc. #s 34, 38, 40, 42-43. In authorizing the entries of default, the court noted that, after the passage of at least 14 days from the entry of default, Taylor could petition the court for a default judgment against England and Washington. (Dec. 13, 2023 Order [doc. # 40]).

On January 19, 2024, Taylor dutifully filed the instant motion to confirm default judgment against England and Washington. On February 22, 2024, Defendants, Sheriff Rickey Jones, Pat W. Smith, Nolan Bass, and Nurse Harvey, filed an opposition to the motion. (Defs.' Opp. Memo. [doc. # 53]. Taylor did not file a reply brief and the time to do so has passed. *See* Notice of Motion Setting [doc. # 47]. Accordingly, the matter is ripe.

### Law and Analysis

Federal Rule of Civil Procedure 55 authorizes district courts to enter a default judgment against a defendant who fails to respond to an action. *Doe v. d'Arros*, Civ. Action No. 21-0430, 2024 WL 217849, at *9 (W.D. La. Jan. 19, 2024) (citing FED. R. CIV. P. 55(A)-(B)). The process for default is comprised of two-steps: an entry of default by the Clerk of Court, and then, after the passage of at least fourteen days, consideration of a default judgment. *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 Fed. App'x. 927, 929 (5th Cir. 2010); L.R. 55.1.

Rule 55(b) provides that, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request . . . must enter judgment for

3

that amount and costs against a defendant who has been defaulted for not appearing . . ." FED. R. CIV. P. 55(b)(1).  In all other cases, however, the party must apply to the court for a default judgment, whereupon, if necessary, the court may hold a hearing to:  conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other matter.  FED. R. CIV. P. 55(b)(2).  Nonetheless, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted).

In his motion, Taylor contends that, because he is seeking $350,000 in some type of undesignated damages and $200,000 in punitive damages, his claim is for a sum certain.  While Taylor may be seeking a specific amount, the Fifth Circuit has observed that damages in a § 1983 action are inherently "uncertain." *Jefferson,* 401 Fed. App'x. at 929.  Therefore, Taylor is not entitled to a default judgment by the Clerk of Court, and, instead, judgment is left to the discretion of the court.  *Id*.

Furthermore, "[w]hen a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) (citation omitted).  Here, Taylor has alleged that England and Washington were acting within the course and scope of their employment when they battered/used excessive force against him and that Sheriff Jones is vicariously liable for their tortious conduct.  *See Gomez v. Galman*, 2021 WL 5371112, at *6 (5th Cir. Nov. 18, 2021) ("An employer may be held vicariously liable for the tortious acts of its employees only when they are performed 'in the exercise of the functions in which they are employed.'").

In his Answer, however, Sheriff Jones denied that England and Washington violated Taylor's civil rights and that they were acting within the course and scope of employment.  *See*

4

Answer, ¶ 15.  Stated differently, Defendant, Sheriff Jones, is contesting, at least in part, the basis for liability against him, which also implicates the liability of Defendants, England and Washington.  Furthermore, Sheriff Jones denied Taylor's damages allegations.  (Answer, ¶ 18).

In short, a judgment of default against England and Washington would appear to conflict with the position taken by Sheriff Jones.  Therefore, the court is not at liberty to enter a judgment of default against England and Washington, at this time.  *See Escalante,* 34 F.4th at 495 (inconsistent judgments are "strongly disfavored").  Taylor may re-urge his motion either, once the claims against the other Defendants have been resolved, or at the bench trial[2] in this matter.  In the interim,

IT IS RECOMMENDED that the motion for default judgment [doc. # 45] filed by Plaintiff pro se Robert Taylor be DENIED, at this time.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he or she makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[2] The docket sheet reflects that no party has requested a jury trial.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this **26th day of March, 2024**.

Kayla Dye McClusky
United States Magistrate Judge